IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RODRICK LAMONT NICHOLSON,       )
                                )
            Petitioner, pro se, )   **MEMORANDUM OPINION**
                                )   **AND RECOMMENDATION**
      v.                        )
                                )
UNITED STATES OF AMERICA,       )   1:10CV445
                                )   1:07CR196-1
            Respondent.         )

Petitioner Rodrick Lamont Nicholson, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 27).[1] Petitioner was indicted on two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (docket no. 1). Petitioner pled guilty to one of these counts (docket nos. 12, 13) and was sentenced to 188-months imprisonment (docket no. 17). Following an unsuccessful appeal (docket nos. 24-26), he filed his Section 2255 motion. Respondent has filed a motion seeking to have Petitioner's motion dismissed (docket no. 38), Petitioner has filed a response (docket no. 41), and both the 2255 motion and the motion to dismiss are now before the court.

---

[1] This and all further cites to the record are to the criminal case.

## PETITIONER'S CLAIMS

Petitioner sets out three claims for relief, but there are really only two claims for relief which share a common basis. Petitioner's first claim is that he received ineffective assistance of counsel because his attorney did not see that changes to the United States Sentencing Guidelines, as set forth in Amendment 709 to those guidelines, was applied in his case. Petitioner claims that if the proper language had been applied, he would not have been sentenced as a career offender. Petitioner's second claim alleges prosecutorial misconduct based on the government allowing him to be incorrectly sentenced as set out in his first claim. Finally, Petitioner's third claim for relief merely asks for an evidentiary hearing on his 2255 motion.

## DISCUSSION

Respondent seeks dismissal on two grounds. First, Respondent contends that Petitioner's motion was not timely filed under Section 2255(f). Alternatively, Respondent argues that the motion fails on its merits. Although Petitioner acknowledges that his motion was not timely under Section 2255(f), he asserts that it should be deemed timely through the application of equitable tolling. Rather than address issues raised by the parties surrounding the timeliness of Petitioner's motion, the court finds that the simpler course is to address the merits of Petitioner's claims.

As just set out above, Petitioner claims that he should not have been sentenced as a career offender. In support of this, he quotes the language of USSG

§ 4A1.2(a)(2), as amended effective November 1, 2007 (docket no. 30 at 10).[2] That section states that, where a defendant has multiple sentences, it must be determined whether they are to be counted separately or as a single conviction. "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). USSG § 4A1.2(a)(2). Where there is not an intervening arrest, the sentences are counted as a single offense for career offender purposes if they were contained in the same charging instrument or were imposed on the same day. *Id.* Here, Petitioner was determined to be a career offender based on two prior marijuana convictions which were entered on the same day and in the same court (docket no. 23 at 5-6, PSR ¶¶ 17, 24, 25).

Focusing on the second part of Section 4A1.2(a)(2), Petitioner concludes that his two convictions should not have been counted separately because they were entered on the same day. Unfortunately, this argument ignores the first part of the guideline that says the convictions should be counted separately if there was an intervening arrest, meaning if he was arrested for the first offense before committing the second. The PSR reveals that Petitioner committed the first marijuana offense on September 1, 2002, and was indicted for it sometime in 2002 (PSR ¶ 24 (listing a state court criminal number of 02 CR 60006)). He then committed the second offense on April 6, 2003 (PSR ¶ 25). The PSR does not explicitly state that

---

[2] Petitioner lists USSG § 4B1.2, but is clearly relying on § 4A1.2, which is related.

Petitioner was arrested for the first offense prior to committing the second; however, his counsel acknowledged at sentencing that he was (docket no. 23 at 5-6), and Petitioner has offered nothing to show otherwise. Because the two offenses were separated by an intervening arrest, they were properly counted as multiple convictions under Section 4A1.2(a)(2). Petitioner was correctly determined to be a career offender, his attorney did not fail him in not objecting to that classification, and the prosecutor did not engage in misconduct in seeking a career offender sentence. Petitioner's 2255 motion is without merit and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 38) be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence (docket no. 27) be **DISMISSED**, and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
January 4, 2011