IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RODRICK LAMONT NICHOLSON,      )
                               )
         Petitioner,           )
                               )   1:10CV445
     v.                        )   1:07CR196-1
                               )
UNITED STATES OF AMERICA,      )
                               )
         Respondent.           )

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Rodrick Lamont Nicholson, a federal prisoner, brought a Motion [Doc. #27] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which Respondent opposed with a Motion to Dismiss [Doc. #38]. A prior Magistrate Judge entered a Recommendation [Doc. #42] that Petitioner's § 2255 Motion be dismissed. Petitioner filed Objections, together with a Motion [Doc. #44] seeking to file the Objections out of time. That Motion will be granted and Petitioner's Objections will be considered. However, before any ruling was made on the prior Recommendation, Petitioner filed a Supplemental Brief [Doc. #53] raising a further claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

With respect to that claim, the Court notes that Petitioner pled guilty in this case to one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and subsequently received a sentence of 188 months of imprisonment as a career offender under USSG § 4B1.1. In his Supplemental Brief, Petitioner

asserts that his sentence is not valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he is no longer properly classified as a career offender. In light of that new claim, the Court allowed further briefing by the parties regarding Simmons and related cases, and then stayed this case pending the decision of the United States Court of Appeals for the Fourth Circuit in United States v. Foote.

In United States v. Foote, the Court of Appeals for the Fourth Circuit ultimately addressed the question of whether a career offender challenge was cognizable on collateral review, and held that a challenge to a career offender designation based on Simmons was not the type of alleged sentencing error that could be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015) (concluding that the petitioner's erroneous "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice."). Therefore, Petitioner's career offender challenge in this case is not cognizable in this collateral review proceeding.[1]

In addition, to the extent Petitioner raises a claim of ineffective assistance of counsel at sentencing based on counsel's failure to object to the career offender enhancement, the Court notes that there is no basis for a claim of ineffective assistance in this case, as the career

---

[1] The same is true with respect to Petitioner's subsequent claims challenging his career offender sentence based on United States v. Davis, 720 F.3d 215 (2013). The Government also contends that Petitioner's claims are barred by an appeal and collateral review waiver included in Petitioner's plea agreement. This argument would also defeat Petitioner's Simmons and Davis claims. See Beckham v. United States, 592 F. App'x 223 (4th Cir. Feb. 9, 2015) (unpublished) (affirming the denial of a Simmons claim based on a plea agreement's waiver of collateral review rights); United States v. Brantley, 546 F. App'x 163 (4th Cir. 2013). To the extent Petitioner makes reference to United States v. Johnson in his most recent filing, the Court notes that Petitioner's predicate offenses were drug offenses, not crimes of violence, and Johnson would not affect the determination in this case.

2

offender determination was properly made under the law at the time of the sentencing, and Petitioner's attorney was not ineffective for failing to object to that determination under the law at that time, as set out in the prior Recommendation in this case. See Lenz v. Washington, 444 F.3d 295, 306-07 (4th Cir. 2006) (noting that counsel is not ineffective for failing to anticipate changes in the law) (citing Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995)).

To the extent that this case was stayed while Foote was pending, that stay should now be lifted and Petitioner's Motion should be denied.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #44] to file Objections out of time is granted.

IT IS RECOMMENDED that the previous stay based on Foote be lifted, that Respondent's Motion to Dismiss [Doc. #38] be granted, that Petitioner's Motion [Doc. #27] to vacate, set aside or correct sentence, as supplemented, be dismissed, and that this action be dismissed.

This, the 20th day of June, 2016.

       /s/ Joi Elizabeth Peake
United States Magistrate Judge