IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RODRICK LAMONT NICHOLSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   1:19CV126 |
| | )   1:07CR196-1 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a filing related to the First Step Act of 2018. Section 404 of the First Step Act of 2018 provides that the Court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Those provisions of the Fair Sentencing Act affected offenses involving cocaine base (crack) under 21 U.S.C. § 841(b)(1)(A) and (B). Here, initial screening of Petitioner's filing reveals that Petitioner was convicted of such an offense and that he was sentenced under the statutory provisions in effect prior to August 3, 2010. Therefore, he is potentially eligible to assert a claim under Section 404 of the First Step Act. See United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019).

However, Petitioner's Motion should be denied because initial screening of Petitioner's Motion reveals that Petitioner was convicted of an offense involving cocaine

base (crack) under 21 U.S.C. § 841(b)(1)(B), that the amount of cocaine base used as the basis for the conviction was 32.5 grams in both the Indictment and Plea Agreement, and that if the Fair Sentencing Act of 2010 is applied the offense would still fall within 21 U.S.C. § 841(b)(1)(B). Therefore, although the offense is a "covered offense" which allows Petitioner to bring a First Step Act Claim, sentencing him "as if" the Fair Sentencing Act had been in effect at his initial sentencing would not produce a change in the applicable statutory penalties or his sentencing range under the United States Sentencing Guidelines, which was calculated under career offender provisions (see Order [Doc. #51] (denying relief under 18 U.S.C. § 3582(c)(2) because Petitioner's was sentenced as a career offender)). The decision whether to grant relief under the First Step Act is within the discretion of the Court, and in the circumstances of this case, Petitioner's pending First Step Act motion should be denied.

Petitioner also does not appear to raise any separate claim under 28 U.S.C. § 2255, but the Court treated his filing as a Motion [Doc. #93] under that statute for administrative purposes and out of an abundance of caution given that Petitioner seeks to attack the sentence he received in this Court. To the extent that Petitioner does seek to raise a viable claim under § 2255, court records reveal that Petitioner previously attacked the same conviction and sentence in a prior § 2255 motion (Case No. 1:10CV445). Consequently, Petitioner must move in the United States Court of Appeals for the Fourth Circuit for an order authorizing this district court to consider any new Motion, as required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. Petitioner should contact the Clerk's Office to obtain the

proper forms if he wishes to seek such authorization.  The present action should be dismissed without prejudice to him doing so.

IT IS THEREFORE RECOMMENDED that Petitioner's request for relief under the First Step Act be denied and that this action be dismissed *sua sponte* without prejudice to Petitioner filing a § 2255 Motion on the proper forms if he seeks to attack his sentence under that statute and receives permission to do so.

This, the 11th day of March, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

3